NOT DESIGNATED FOR PUBLICATION

Nos. 129,652
129,653

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RICARDO A. MIRELES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Submitted without oral argument. Opinion filed July 31, 2026. Affirmed in part and dismissed in part.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before COBLE, P.J., BRUNS and HURST, JJ.

PER CURIAM: Ricardo A. Mireles appeals the district court's imposition of his full underlying sentence, without modification, after revoking his probation. Mireles also takes this opportunity to challenge the district court's denial of a departure in a separate case. In lieu of filing a brief in support of this appeal, Mireles moved for summary disposition under Kansas Supreme Court Rule 7.041A (2026 Kan. S. Ct. R. at 48), which the State did not oppose, and this court granted.

Mireles fails to show the district court abused its discretion in revoking his probation and imposing his full underlying sentence. Further, this court lacks appellate jurisdiction to review the district court's denial of Mireles' departure motion because the

1

district court sentenced him to a presumptive sentence and Mireles makes no argument permitting appellate review. The district court is therefore affirmed in part, and this appeal is dismissed in part.

FACTUAL AND PROCEDURAL BACKGROUND

In a 2021 case, Mireles pled guilty to one count of domestic battery, and the district court imposed a 12-month underlying jail sentence and placed Mireles on probation for 12 months.

While Mireles was on probation for the 2021 case, the State charged Mireles with one count of burglary and three counts of theft in a 2023 case. Mireles entered a plea agreement addressing both the 2021 and 2023 cases in which he pled guilty to two counts of felony theft in the 2023 case and acknowledged he violated probation in the 2021 case by being convicted of a new crime while on probation. Per the plea agreement, the State agreed to recommend the sentences for the counts in the 2023 case run consecutive to each other and to Mireles' sentences in any prior felony case. Regarding Mireles' 2021 case, the State agreed to recommend that the district court revoke Mireles' probation and impose his underlying sentence.

Mireles moved the district court for a departure sentence in his 2023 case arguing that: (1) he entered a plea, avoiding delay and showing repentance for his crimes; (2) probation "would serve community safety interests by promoting [his] reformation better than a prison sanction"; (3) he would complete outpatient drug treatment in the community; and (4) as an employed individual he could more quickly pay restitution if on probation.

The district court held a joint hearing on both sentencing and the probation disposition on September 12, 2025. At the hearing, defense counsel asked the court to

2

consider the departure motion, requesting probation, or modified sentencing in the 2023 case. Defense counsel also asked that the sentences for the 2023 and 2021 cases be served concurrently. Mireles read a letter he prepared to the court, saying he wanted to be "a better father sooner rather than later." The court denied Mireles' request for a departure. After finding Mireles had a criminal history score of A and that a special rule applied, the court sentenced Mireles to 22 months in prison in the 2023 case and ordered the sentences in the 2023 and 2021 cases to run consecutive.

The district court then turned to disposition of the 2021 case, finding that Mireles committed new crimes while on probation. The court revoked Mireles' probation and imposed his underlying sentence, ordering the sentence "to run consecutively to any other case." The court specified that it found no reason to modify the original sentence in the 2021 case.

Mireles appeals.

DISCUSSION

Mireles argues the district court abused its discretion in sentencing him in the 2021 case when it denied his request to modify the underlying sentence. He also argues the district court erred by failing to grant him probation in the 2023 case.

Mireles argues the district court abused its discretion in the 2021 case by revoking his probation and imposing his underlying sentence. After the district court finds a defendant violated their probation by committing a new crime—which is what occurred here—the district court may revoke the offender's probation and impose the underlying sentence. K.S.A. 22-3716(c)(7)(C); see *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). Following revocation, the district court also has authority to modify the underlying sentence and order the defendant to serve a lesser sentence. K.S.A. 22-

3

3716(c)(1)(C); see *State v. McGill*, 271 Kan. 150, 154, 22 P.3d 597 (2001). The district court's decision to modify—or not modify—the underlying sentence is discretionary and will be upheld on appeal absent a showing that the district court abused its discretion. A district court abuses its discretion when the decision is based on an error of law or fact or is arbitrary, fanciful, or unreasonable such that no reasonable person would agree. Mireles bears the burden of showing the district court abused its discretion. See *Tafolla*, 315 Kan. at 328.

Mireles does not argue the district court made an error of law or fact in its revocation decision in the 2021 case, and this court finds none. Mireles also concedes that a district court has discretion to revoke probation upon finding the defendant committed a new crime while on probation. Nevertheless, Mireles contends the court acted unreasonably in revoking his probation because he "took responsibility for his actions, was willing and able to get treatment, and had a family to provide for . . . ." Mireles points to no facts making the district court's revocation decision unreasonable. The district court's decision conformed with the law and facts and this court cannot say that no reasonable person would agree with the district court's decision. Therefore, Mireles has failed to show that the district court abused its discretion.

With regard to Mireles' contention that the district court erred in not granting him a departure in the 2023 case, Mireles acknowledges that he received a presumptive sentence under the Kansas Sentencing Guidelines and thus this court typically lacks authority to review that decision on appeal. See K.S.A. 21-6820(c)(1); *State v. Rizo*, 304 Kan. 974, 984, 377 P.3d 419 (2016) (finding no jurisdiction to review denial of departure from an on-grid sentence). Mireles makes no allegations that the district court erred in its application or understanding of the law regarding the departure motion or its authority and thus asserts no claim permitting appellate review of this presumptive sentence. See *State v. Warren*, 297 Kan. 881, 882-85, 304 P.3d 1288 (2013) (acknowledging exceptions to rule prohibiting appeals from presumptive sentence when district court misunderstands

4

its authority). Therefore, this court lacks appellate jurisdiction to review the district court's denial of Mireles' departure motion in the 2023 case.

CONCLUSION

This court finds no abuse of discretion in the district court's decision to revoke Mireles' probation and impose his underlying sentence in the 2021 case. Additionally, this court lacks appellate jurisdiction to review the district court's denial of his departure motion and sentence within the presumptive range in the 2023 case.

Affirmed in part and dismissed in part.